IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENTRY STEPHEN LEONARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2658-N-BN |
| | § | |
| PARKLAND MEMORIAL | § | |
| HOSPITAL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gentry Stephen Leonard, at the time incarcerated at the Johnson County jail, filed a *pro se* complaint alleging that the lack of "adequate medical care" that he received at Parkland Hospital violated his rights under the Constitution. Dkt. No. 3. He also moved for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4. And Leonard's case is now referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge David C. Godbey.

Where a plaintiff who is imprisoned or detained pending trial seeks relief from a governmental entity or employee, a district court must, on initial screening under the Prison Litigation Reform Act (the PLRA), identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

After he filed this lawsuit, Leonard notified the Court of his change of address

"as of [his] release." Dkt. No. 5. But an inmate's "subsequent release does not relieve him of the requirement[s imposed by the PLRA,]" *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) (citation omitted), including that he "be ordered to pay the full filing fee in installments," *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000) (per curiam) (citing 28 U.S.C. § 1915(b)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 606-07 (6th Cir. 1997); further noting that "'[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee'" (quoting 28 U.S.C. § 1915(b)(4); citing *Walp v. Scott*, 115 F.3d 308, 310 (5th Cir. 1997))).

The Court will enter a separate order granting Leonard's IFP motion, and the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit under Section 1915A(b) for the reasons and to the extent set out below.

Leonard requests that he be "allow[ed] to seek redress for Constitutional & Civil Rights Violations" because he did not receive "adequate medical care" at Parkland Hospital, presumably related to his incarceration (or subsequent incarceration). Dkt. No. 3 at 3, 2; *see also id.* at 3 (Leornard "was transported by the DART police to Parkland [after his] fall from a bridge.").

To survive dismissal on this claim, Leonard must "plead facts sufficient to show" that the claim he alleges has "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson v. City*

*of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). But Leonard fails to include such allegations.

That is because, to allege a constitutional violation based on the medical care that he received at Parkland requires, at a minimum, that Leonard plead facts from which the Court may infer a due process violation based on deliberate indifference. *See, e.g., Coker v. Dall. Cnty. Jail*, No. 3:05-cv-05-M, 2007 WL 3022575, at *16 (N.D. Tex. Oct. 17, 2007) (The "deliberate indifference standard [as defined in *Farmer v. Brennan*, 511 U.S. 825 (1994),] is the appropriate standard for all denial of medical care claims under the Eighth and Fourteenth Amendments." (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645 (5th Cir. 1996) (en banc))).

"'Deliberate indifference is an extremely high standard to meet' but can be satisfied by a 'wanton disregard for [an inmate's] serious medical needs.'" *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

That is, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))); *see also Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) ("'[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.' Rather, 'the plaintiff

must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."'" (citations omitted)).

Alone, a disagreement with medical treatment or a failure to provide additional medical treatment does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). And none of Leonard's allegations reflect that employees at Parkland ignored his complaints or otherwise show "a wanton disregard for [his] serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see* Dkt. No. 3 at 4-6. So the Court should dismiss Leonard's claims.

The time to file objections to this recommendation (further explained below) allows Leonard an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave."). And, if Leonard fails to show that leave to amend should be granted, the Court should now dismiss this case with

prejudice.

## Recommendation

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiff Gentry Stephen Leonard shows a basis to grant leave to amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 24, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE